# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas Ahle, Andrew Jordan and William Wiseman, individually and on behalf of others similarly situated, | Court File No. _____ |
| Plaintiffs, | **COLLECTIVE ACTION COMPLAINT (JURY TRIAL DEMANDED)** |
| v. | |
| Veracity Research Co., | |
| Defendant. | |

## JURISDICTION

1.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2.      Venue is proper in the United States District Court, District of Minnesota pursuant to 28 U.S.C. § 1391, because Defendant conducts business in such District, and because events giving rise to the claims occurred in this District.

## PARTIES

3.      On information and belief, Defendant Veracity Research Co. ("Defendant") is an investigative firm specializing in all aspects of insurance defense investigations.  On information and belief, Defendant is an Oklahoma corporation that does business throughout the United States, including Minnesota.  Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

1

4.      Plaintiff Douglas Ahle is a resident of Minnesota and worked as a claims investigator for Defendant in Minnesota during the applicable statute of limitations.

5.      Plaintiff Andrew Jordan is a resident of North Carolina and worked as a surveillance investigator for Defendant in North Carolina during the applicable statute of limitations.

6.      Plaintiff William Wiseman is a resident of Florida and worked as a surveillance investigator, claims investigator and senior operations investigator for Defendant in Florida during the applicable statute of limitations.

7.      Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b). (See Consent Forms attached as **Exhibit A**.)  Plaintiffs and the similarly situated employees are individuals who were, or are, employed by Defendant as investigators across the country who worked in excess of forty (40) hours per week without overtime compensation.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

8.      During the statutory period, Plaintiffs and the similarly situated employees worked as investigators for Defendant throughout the country.  As investigators, the primary duty of the Plaintiffs and the similarly situated employees was to gather and report facts on allegedly suspicious workers' compensation insurance claims made to, among others, third party insurance companies.  Plaintiffs and similarly situated employees spent a vast majority of their work-time performing such duty.

9.      During the statutory period, Plaintiffs and the similarly situated employees worked in excess of forty (40) hours per week without receiving overtime compensation.

2

10.     These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u>, specifically §207(a)(1).   As a result of these unlawful practices, Plaintiffs and the similarly situated employees suffered a loss of wages.

11.     Defendant knew, or showed reckless disregard for the fact, that it failed to pay their investigators overtime compensation in violation of these laws.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs and all employees similarly situated who join in this action demand:

1.     Designation of this action as a collective action on behalf of the nationwide Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the nationwide Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

2.     Judgment against Defendant for an amount equal to Plaintiffs' and similarly situated employees' unpaid back wages at the applicable overtime rate;

3.     That Defendant is found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs;

4.     That Defendant's violations of the FLSA are found to be willful;

5.     An equal amount to the overtime damages as liquidated damages;

6.     All costs and attorneys' fees incurred prosecuting this claim;

7.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

8.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

9.     Leave to amend to add claims under applicable state laws; and

10.     For such further relief as the Court deems just and equitable.


Dated: January 8, 2009                    **NICHOLS KASTER, PLLP**



                                          s/Matthew H. Morgan
                                          Donald H. Nichols, MN Bar No. 78918X
                                          Paul J. Lukas, MN Bar No. 22084X
                                          Matthew H. Morgan, MN Bar No. 304657
                                          4600 IDS Center
                                          80 South 8th Street
                                          Minneapolis, MN 55402
                                          Telephone (612) 256-3200
                                          Fax (612) 215-6870

                                          ATTORNEYS FOR PLAINTIFFS


.