UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Ahle, Andrew Jordan, and
William Wiseman, individually and
on behalf of others similarly situated,

        Plaintiffs,        **MEMORANDUM OPINION AND ORDER**

        v.        Civil No. 09-0042 ADM/RLE

Veracity Research Co.,

        Defendant.

___

Paul J. Lukas, Esq., Donald H. Nichols, Esq., Matthew H. Morgan, Esq., Reena I. Desai, Esq., and Robert L. Schug, Esq., Nichols Kaster, PLLP, Minneapolis, MN on behalf of Plaintiffs.

Joseph M. Sokolowski, Esq., Krista A.P. Hatcher, Esq., and Lindsay J. Zamzow, Esq., Fredrikson & Byron, PA, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

On June 3, 2009, the undersigned United States District Judge heard oral argument on Plaintiffs Douglas Ahle ("Ahle"), Andrew Jordan ("Jordan"), and William Wiseman's ("Wiseman") (collectively "Plaintiffs") Motion to Dismiss [Docket No. 18]. Plaintiffs' Motion seeks dismissal of all of Defendant Veracity Research Co.'s ("Veracity") counterclaims on the ground that the Court lacks subject matter jurisdiction. For the reasons stated herein, Plaintiffs' Motion to Dismiss is granted in part and denied in part.

## II. BACKGROUND[1]

Veracity is a private investigative firm specializing in all aspects of insurance defense

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

investigations.  Answer to Compl., Defenses and Am. Counterclaim (Counterclaim) [Docket No. 29] ¶ 5.  Veracity is an Oklahoma corporation and does business throughout the United States, including Minnesota.  Id.  Ahle, a Minnesota resident, Jordan, a North Carolina resident, and Wiseman, a Florida resident, formerly worked as investigators for Veracity.  Id. ¶¶ 6-8; Collective Action Compl. [Docket No. 1] ¶¶ 4-6.  Opt-in Plaintiff Jacqueline Abrams ("Abrams") is a Georgia resident and also was formerly an investigator for Veracity.  Counterclaim ¶¶ 9, 39.

Plaintiffs filed this putative collective action on January 8, 2009, alleging claims for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219.  Collective Action Compl. ¶¶ 8-11.  Veracity asserts counterclaims for breach of noncompete, nonsolicitation, and confidentiality agreements (Count One) against Ahle and Wiseman; breach of the duty of loyalty and honesty (Count Two) and forfeiture or disgorgement (Count Three) against Ahle; misappropriation of confidential information (Count Four), misappropriation of trade secrets (Count Five), and unfair competition (Count Six) against Ahle and Wiseman; intentional misrepresentation (Count Seven) and negligent misrepresentation (Count Eight) against Ahle, Jordan, and Abrams; and unjust enrichment (Count Nine) against Ahle, Wiseman, Jordan, and Abrams.  Counterclaim ¶¶ 57-101.  Broadly speaking, these counterclaims allege that Plaintiffs were falsely or negligently reporting that they were performing work for Veracity when, in reality, they were taking Veracity's confidential information and trade secrets for their own personal benefit and to compete with Veracity, or were engaged in other unauthorized activities for which they were not entitled to compensation, or both.  See Def.'s Mem. in Opp'n to Mot. to Dismiss [Docket No. 31] at 3-6.

## III. DISCUSSION

A. **Motion to Dismiss for Lack of Subject Matter**

Plaintiffs move for dismissal of Veracity's counterclaims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, arguing that original jurisdiction is lacking as to the counterclaims against Ahle and Wiseman and that supplemental jurisdiction is lacking as to all of Veracity's counterclaims.[2] A motion to dismiss for lack of subject matter jurisdiction may challenge the complaint either on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Here, Plaintiffs make a facial challenge to jurisdiction. See Pls.' Reply Mem. in Supp. of Mot. to Dismiss at 3 n.3. Thus, all of the factual allegations in Veracity's Answer are "presumed to be true and the motion is successful if [Veracity] fails to allege an element necessary for subject matter jurisdiction." See Titus, 4 F.3d at 593.

B. **Original Jurisdiction**

Veracity contends that this Court has original jurisdiction over the claims against Ahle and Williams on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). Section 1332(a) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

---

[2] Plaintiffs argued in their initial brief that the counterclaims against Ahle for breach of the duty of loyalty and honesty (Count Two) and forfeiture or disgorgement (Count Three) must be dismissed under Rule 12(b)(6) for failure to state a claim. See Pls.' Mem. in Supp. of Mot. to Dismiss [Docket No. 20] at 21-24. However, Plaintiffs withdrew their Rule 12(b)(6) challenge to Counts Two and Three, and, therefore, nothing remains of the Rule 12(b)(6) challenge. See Pls.' Reply Mem. in Supp. of Mot. to Dismiss [Docket No. 36] at 3 n.2.

between . . . citizens of different states." Generally, "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Kopp v. Kopp, 280 F.3d 883, 884-85 (8th Cir. 2002) (quotation omitted) (alteration in original). If a party challenges the allegation of the amount in controversy, then the nonmoving party must establish jurisdiction by a preponderance of the evidence. See id. (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 188-89 (1936)). Thus, as the Eighth Circuit explained, the question is whether "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the [nonmoving party] suffered are greater than $75,000." Id.

Plaintiffs argue that it appears to a legal certainty in this case the amount in controversy as to both Ahle and Wiseman does not exceed $75,000.[3] In explaining the basis for its assertion that the amount in controversy requirement has been met as to Ahle, Veracity claims that although Ahle received pay for time during which he claimed he was working for Veracity, he actually was engaged in activities for which he had no right to receive pay.[4] In addition, Ahle was allegedly performing work for his own competing investigation company and stealing Veracity's confidential business information about customers and trade secrets. Veracity

---

[3] The damages alleged by the counterclaims against Ahle cannot be combined with those alleged by the counterclaims against Wiseman to satisfy the amount-in-controversy requirement. See Crawford v. F. Hoffman-La Roce, Ltd., 267 F.3d 760, 765-66 (8th Cir. 2001). Thus, Veracity must show that their counterclaims against Ahle, by themselves, put more than $75,000 in controversy and that their counterclaims against Wiseman, by themselves, put more than $75,000 in controversy.

[4] Veracity does not allege Wiseman made false and negligent reports of hours spent performing work for Veracity.

4

concludes that the amount of wages Ahle wrongfully received and the benefit he wrongfully obtained by competing against Veracity and misappropriating its confidential information and trade secrets, when combined with potential exemplary damages on the trade-secrets claim and attorney's fees, shows that the amount in controversy is "well over the jurisdictional threshold." Def.'s Mem. in Opp'n to Mot. to Dismiss at 8-11.

With the exception of Veracity's specific allegation that it lost approximately $5,000 in billing as a result of Ahle allegedly not performing work during the time he claimed he worked, Veracity focuses its damages theory more on the benefits Ahle and Wiseman obtained by allegedly competing with Veracity and misappropriating its confidential information and trade secrets. "[A]s a general rule, damages for the breach of a covenant not to compete are to be measured by the [employer's] loss, not by the [employee's] gain . . . ." B & Y Metal Painting, Inc. v. Ball, 279 N.W.2d 813, 816 (Minn. 1979); see also Lemon v. Gressman, No. C8-00-1739, 2001 WL 290512, at *3 (Minn. Ct. App. March 27, 2001) ("Damages awarded for a breach of a noncompete clause are measured by the business loss actually suffered as a consequence of the breach."). However, "[when] an employee wrongfully profits from the use of information obtained from his employer, the measure of damages may be the employee's gain." Cherne Indus., Inc. v. Grounds & Assocs., Inc., 278 N.W.2d 81, 94-95 (Minn. 1979). Damages for misappropriation of trade secrets "can include both the actual loss caused by the misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." Minn. Stat. 325C.03(a). As Plaintiffs correctly argue, however, to the extent that there is overlap in the amount claimed as harm caused to Veracity (or benefit realized by Ahle and Wiseman) stemming from by the alleged breach of the noncompete

and that stemming from the misappropriation of confidential information and trade secrets, Veracity cannot realize a double recovery.

Regardless of whether the amount in controversy is considered in view of the loss to Veracity or the benefit to Ahle and Wiseman, Veracity offers little support for its assertion that more than $75,000 is at stake in the counterclaims. For example, although Veracity provides detailed information regarding Ahle's and Wiseman's alleged violations of the noncompete agreement or misappropriation of trade secrets, Veracity has not alleged that the violations and misappropriations actually caused damage to Veracity. With regard to the benefit to Ahle and Wiseman, Veracity asserts that investigators such as Ahle or Wiseman are generally able to bill approximately $12,000 per month, and, "[t]hus, in a one-year time period following their breaches, Ahle and Wiseman each *may have gained* $144,000 in billings at [Veracity's] expense." Def.'s Mem. in Opp'n to Mot. to Dismiss at 10-11 (emphasis added). However, aside from this speculative assertion regarding how much Ahle and Wiseman "may have gained" at Veracity's expense as a result of the alleged breaches of the noncompete agreement and misappropriations of confidential information and trade secrets, Veracity has identified nothing that shows, suggests, or even alleges how much benefit Ahle and Wiseman actually realized. See Krahn v. Cross Country Bank, No. Civ.01-2069, 2003 WL 21005295, at *2 (D. Minn. April 23, 2003) ("Mere theoretical possibilities that the amounts," including punitive damages and attorney's fees, "could exceed $75,000 do not demonstrate the amount in controversy to any legal certainty"). And given the lack of support for the amount in controversy beyond the mere theoretical possibilities about how much of a benefit Ahle and Wiseman might have realized, the possibility of exemplary damages provides little assistance in showing that the amount in

6

controversy exceeds $75,000.

The Court determines that to a legal certainty, the pleadings and proof do not support a determination that the amount in controversy on the counterclaims against Ahle and Wiseman exceeds the jurisdictional threshold of $75,000. Original jurisdiction based on diversity jurisdiction is lacking.

**C.      Supplemental Jurisdiction**

Although original jurisdiction is lacking over the counterclaims, the Court has original jurisdiction over the FLSA claims. Therefore, Veracity contends, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to consider the counterclaims. Counterclaim ¶ 1. Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." "[T]o establish supplemental jurisdiction, the '[c]laims within the action' must 'derive from a common nucleus of operative fact.'" Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1024 (8th Cir. 2007) (second alteration in original) (quoting Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005)). "[C]laims derive from a common nucleus of operative fact if the 'claims are such that [the party asserting the claims] would ordinarily be expected to try them all in one judicial proceeding.'" OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

Following the pattern of Veracity and Plaintiffs in analyzing the issue of supplemental jurisdiction, the Court will consider the counterclaims in three groups: (1) breach of the duty of

loyalty and honesty, forfeiture or disgorgement, intentional misrepresentation, and negligent misrepresentation—Counts Two, Three, Seven, and Eight; (2) breach of noncompete agreements, misappropriation of confidential information, misappropriation of trade secrets, and unfair competition—Counts One, Four, Five, and Six; and (3) unjust enrichment—Count Nine.

      **1.    Counts Two, Three, Seven, and Eight**

Plaintiffs argue supplemental jurisdiction is lacking as to Counts Two, Three, Seven, and Eight because the only factual basis they have in common with the FLSA claims is the "general employer-employee relationship." Pls.' Mem. in Supp. of Mot. to Dismiss at 10. Plaintiffs explain that the "principal facts relevant" to the FLSA overtime claim are limited to the specific issue of whether Veracity improperly classified Plaintiffs as exempt from the overtime compensation requirements of the FLSA, 29 U.S.C. § 207. In contrast, Plaintiffs maintain, that issue has no relevance to the counterclaims in Counts Two, Three, Seven, and Eight.

But as Veracity responds, although the question of whether Plaintiffs were properly classified as exempt is a relevant issue, it is not the only issue, and the FLSA claims also require resolving whether Plaintiffs in fact worked overtime hours for which they were not compensated. The breach of the duty of loyalty and honesty, forfeiture or disgorgement, intentional misrepresentation, and negligent misrepresentation counterclaims are based on allegations that Plaintiffs falsified (intentionally and negligently) their time and mileage reports and failed to perform duties they were obligated to be performing while being compensated by Veracity. Therefore, Veracity argues, much like the FLSA claims, these counterclaims require resolving "whether Plaintiffs actually worked when they claim to have worked and for which they were compensated." Def.'s Mem. in Opp'n to Mot. to Dismiss at 12.

In addressing essentially the same question of supplemental jurisdiction over a counterclaim alleging that a plaintiff in a FLSA overtime case received compensation for which he was not entitled, one court noted: "Defendant asserts [as the basis of its counterclaim] that Plaintiff received *more* payments than those to which he was entitled as an employee of Defendant. Plaintiff is claiming [as the basis of its FLSA claims] that he received *too little* payment as an employee of Defendant." Lombardi v. City of Cornersville, No. 1:06-0072, 2007 WL 190324, at *1-2 (M.D. Tenn. Jan. 22, 2007). The court concluded, therefore, that the plaintiffs FLSA overtime claim and the defendant's counterclaim arose out of the same case and controversy. Id. at 2. Rogers v. Harper Vehicles, LLC, an FLSA overtime case, also considered whether supplemental jurisdiction existed over a defendant's counterclaim that a plaintiff "padd[ed] her time and falsif[ied] her time records which resulted in her being paid for time that she did not actually work." No. 3:05-CV-533, 2006 WL 2708322, at *1 (E.D. Tenn. Sept. 19, 2006). In finding supplemental jurisdiction because the FLSA claims and the counterclaims shared a common nucleus of operative fact, the court reasoned that "plaintiff's overtime claims and defendant's fraud claims [both] involve the question of how much money defendant should have paid plaintiff for her services" and they both would require the same evidence, consisting of the plaintiffs payroll records, changes made to the records, and weekly payments made to the plaintiff. Id.

In this case, "to determine whether Plaintiff[s] [are] entitled to recover overtime wages and to calculate the total value of Plaintiff[s'] overtime wage claim, it will be necessary to establish the number of hours that Plaintiff[s] worked for [Veracity]." See Zambrana v. Geminis Envios Corp., No. 08-20546-CIV, 2008 WL 2397624, at *3 (S.D. Fla., June 10, 2008).

Veracity's counterclaims for breach of the duty of loyalty and honesty, forfeiture or disgorgement, intentional misrepresentation, and negligent misrepresentation involve a factual question that, like the FLSA overtime claims, concerns whether Ahle, Jordan, and Abrams are entitled to compensation for time they claimed they were working. Specifically, the counterclaims turn on the question of whether Veracity is entitled to recover compensation paid to Ahle, Jordan, and Abrams for time they claimed they were performing work for Veracity but actually were engaged in conduct for which they were not entitled to compensation. And, as Plaintiffs concede, the evidence that will be necessary to establish the counterclaims (time records, payroll records, etc.) will also be relevant to the FLSA overtime claims. See Pls.' Reply Mem. in Supp. of Mot. to Dismiss at 9. The Court concludes, therefore, that supplemental jurisdiction exists over Veracity's counterclaims for breach of the duty of loyalty and honesty, forfeiture or disgorgement, intentional misrepresentation, and negligent misrepresentation.[5]

Arguing in the alternative, Plaintiffs maintain that even if the counterclaims derive from a common nucleus of operative fact, the Court should nonetheless exercise its discretion and decline supplemental jurisdiction on the ground that (1) Veracity's counterclaims will predominate over the FLSA overtime claims and (2) exceptional circumstances and other compelling reasons exist for declining jurisdiction. See 28 U.S.C. § 1367(c)(2), (4). The Court disagrees.

As explained above, the counterclaims alleging Plaintiffs falsified time and mileage

---

[5] The breach of the duty of loyalty and forfeiture or disgorgement counterclaims are also based on the allegations that Ahle breached the noncompete agreement and misappropriated confidential information and trade secrets. See Answer to Complaint, Defenses and Amended Counterclaim ¶¶ 64, 67-69. For the reasons explained below, see infra III.C.2, that basis for the counterclaims is not part of the same core factual basis for the FLSA claims.

reports and failed to perform required duties while being compensated by Veracity are closely intertwined with the FLSA overtime claims, involving similar factual and legal questions regarding time worked and entitlement to compensation. Accordingly, the counterclaims in Counts Two, Three, Seven, and Eight do not substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966). Plaintiffs argue the exceptional circumstances and compelling reasons for declining supplemental jurisdiction are that the counterclaims serve as retaliation against Plaintiffs and are intended to "intimidate and discourage potential opt-in plaintiffs." Pls.' Mem. in Supp. of Mot. to Dismiss at 17. There is no record evidence to support Plaintiffs' assertion. In addition, although Plaintiffs accuse Veracity of "concoct[ing]" the counterclaims, Plaintiffs do not contend that the counterclaims are baseless. Id. at 17. To the contrary, the allegations in the Answer, which, for purposes of this motion are assumed to be true, indicate a factual and legal basis for the counterclaims.

        2.     **Counts One, Four, Five, and Six**

Plaintiffs argue that Veracity's claims against Ahle and Wiseman for breach of noncompete, nonsolicitation, and confidentiality agreements; misappropriation of confidential information; misappropriation of trade secrets; and unfair competition do not share a common nucleus of operative fact with Plaintiffs' FLSA claims. To the extent the claims are based on conduct that occurred after Ahle's and Wiseman's employment with Veracity ended, Veracity acknowledged at oral argument that such post-employment conduct is outside the nucleus of operative fact from which the FLSA claims derive. Veracity maintains, however, that at least a portion of the conduct that forms the basis of the counterclaims in Counts One, Four, Five, and

11

Six occurred while Ahle and Wiseman were still employed by Veracity and while they were claiming to be performing work for Veracity. Therefore, Veracity concludes, these counterclaims and the FLSA claims share the common factual and legal questions of determining whether Ahle and Wiseman were entitled to pay for the time they reported that they were working for Veracity.

Unlike Counts Two, Three, Seven, and Eight—which involve the same factual and legal questions about time worked and entitlement to compensation as the FLSA claims—evaluating the counterclaims in Counts One, Four, Five, and Six does not require consideration of the same issues and evidence. To establish these counterclaims, Veracity does not need to prove that Ahle's and Wiseman's alleged breaches of the noncompete, nonsolicitation, and confidentiality agreements and alleged misappropriations of confidential information and trade secrets occurred during times when Ahle and Wiseman claimed they were performing work for Veracity. No consideration of whether Ahle and Wiseman committed the alleged breaches and misappropriations while they claimed they were performing work for Veracity is necessary to establish this group of counterclaims. Certainly, Veracity's counterclaims would be equally as viable had the alleged breaches and misappropriations occurred during times when Ahle and Wiseman were not working (or claiming to be working) for Veracity. In other words, the factual basis that must be considered in evaluating the counterclaims in Counts One, Four, Five, and Six do not depend on the fact questions regarding time worked and entitlement to compensation which is at the core of the FLSA claims and the counterclaims in Counts Two, Three, Seven, and Eight.

Because the counterclaims for breach of noncompete, nonsolicitation, and confidentiality

12

agreements; misappropriation of confidential information; misappropriation of trade secrets; and unfair competition do not share a nucleus of operative fact with the FLSA claims, supplemental jurisdiction is lacking, and Counts One, Four, Five, and Six must be dismissed. In light of this conclusion, the Court need not decide whether to exercise its discretion and decline jurisdiction over these counterclaims for any of the exceptions in 28 U.S.C. § 1367(c).

### 3. Count Nine

Veracity and Plaintiffs agree that the counterclaim in Count Nine for unjust enrichment is based on Veracity's other counterclaims. See Def.'s Mem. in Opp'n to Mot. to Dismiss at 17; Pls.' Reply Mem. in Supp. of Mot. to Dismiss at 11. Because Veracity's counterclaims in Counts Two, Three, Seven, and Eight survive Plaintiffs' Motion to Dismiss, the aspects of Count Nine that are based on those counterclaims likewise survives. However, because the counterclaims against Wiseman (Counts One, Four, Five, and Six) are dismissed, nothing remains on which to base the counterclaim for unjust enrichment, and, therefore, the counterclaim in Count Nine against Wiseman is dismissed.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Dismiss [Docket No. 18] is **GRANTED** in part and **DENIED** in part; and

2. Counts One, Four, Five, and Six of the Answer to Complaint, Defenses and Amended Counterclaim [Docket No. 29] are **DISMISSED**;

3. Counts Two and Three of the Answer to Complaint, Defenses and Amended

Counterclaim [Docket No. 29], to the extent they are based on allegations that Ahle breached the noncompete, nonsolicitation, and confidentiality agreement and misappropriated confidential information and trade secrets, are **DISMISSED**;

4. Count Nine of the Answer to Complaint, Defenses and Amended Counterclaim [Docket No. 29], to the extent it is based on allegations of breach of noncompete, nonsolicitation, and confidentiality agreements, misappropriation of confidential information, misappropriation of trade secrets, and unfair competition, is **DISMISSED**.[6]

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 28, 2009.

---

[6] To summarize, the surviving counterclaims are Counts Seven and Eight; those aspects of Counts Two, Three, and Nine based on allegations that Ahle falsified his time and mileage reports and failed to perform required duties while being compensated by Veracity; and those aspects of Count Nine based on similar allegations that Jordan and Abrams falsified time reports and failed to perform required duties while being compensated by Veracity. All counterclaims against Wiseman are dismissed.