**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Douglas Ahle, Andrew Jordan and William Wiseman, individually and on behalf of others similarly situated, | Civil File 0:09-cv-00042-ADM/LIB |
| Plaintiffs, | **PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION** |
| v. | |
| Veracity Research Co., | |
| Defendant. | |

## INTRODUCTION

Plaintiffs are current and former investigators who have joined together collectively to allege that Veracity Research Company ("VRC" or "Defendant") violated the Fair Labor Standards Act ("FLSA") by denying them overtime compensation. In the Magistrate Judge's Report and Recommendation, ECF No. 305 ("R&R"), he recommends dismissing the claims of eleven Plaintiffs with prejudice for not responding to discovery requests or sitting for their depositions. Such a harsh sanction, however, is unwarranted where VRC has failed to show any prejudice. Accordingly, Plaintiffs respectfully request that the Court overrule the R&R to dismiss these opt-in Plaintiffs with prejudice. Instead, a less severe sanction, such as precluding Plaintiffs from introducing evidence on behalf of any of those plaintiffs should be considered.

## RELEVANT FACTS

### A. Procedural History

Plaintiffs are current or former investigators employed by Defendant, and allege that Defendant violated the FLSA by willfully failing to pay overtime to its investigators. (ECF No. 1.) There are currently 147 Plaintiffs participating in the lawsuit. (Desai Decl. at ¶ 3.)

There has been significant recent motion practice that has drastically limited the issues that will proceed to trial. The parties filed cross-motions for summary judgment and Defendant moved to decertify the collective class. On August 25, 2010, the Court denied Defendant's motion to decertify the collective class, and also held that Plaintiffs are not exempt under the Administrative, Outside Sales, or Motor Carrier exemptions. (ECF No. 281.) Defendant, therefore, has no available exemption defenses left. (See id. at 44-48.)[1]

The R&R relates to motion practice that commenced on May 27, 2010, when Defendant moved to compel discovery from Plaintiffs who had not responded to discovery. The Court granted Defendant's motion to compel the requested discovery, but denied Defendant's request to automatically dismiss the claims of those Plaintiffs who did not comply with that Order. (ECF No. 261.) On August 26, 2010, Defendant moved

---

[1] The Court also held that certain travel time was not compensable, the fluctuating workweek method of calculating damages applied, and fact issues exist that preclude summary judgment on liquidated damages and on whether Defendant's violation of the FLSA was willful. (ECF No. 281 at 29-41.)

to dismiss the claims of eighteen Plaintiffs as a sanction for not responding to written discovery or appearing for their depositions.[2]

On October 5, 2010, the Court granted VRC's motion in part, ordering 10 opt-in Plaintiffs to submit executed responses to Defendant's written discovery by no later than November 5, 2010.  (ECF No. 299.)  Additionally, the Court ordered five opt-in Plaintiffs—two of whom did not respond to written discovery—to appear for their depositions by no later than November 5, 2010.  (Id.)  The Court instructed Defendant's counsel to file and serve an affidavit by November 12, 2010 indicating which of the aforementioned opt-in Plaintiffs did not submit the ordered discovery.  (Id.)  Based on Defendant counsel's affidavit (ECF No. 303), the Court recommended that the claims of the following eleven Plaintiffs be dismissed with prejudice: Edward Arellano, Mark Colbert, Jason Lucas, Thomas McDowell, Christopher Reardon, Bradley Schraer, Randy Sorrels, Devon Stovall, Lionel Weber, Anthony Garcia, and Paul Carson.

**B.   Over 92% of Plaintiffs Have Responded to Defendant's Discovery Requests and Defendant has taken Seventeen Depositions of Plaintiffs**

In mid-March 2010, Defendant served voluminous interrogatories, requests for admissions, and document requests on all 158 Plaintiffs and Opt-in Plaintiffs who were active in the case at the time.  (Desai Decl. at ¶ 4.)  After conferring with Defendant regarding the potential for representative, rather than individualized, Plaintiff discovery,

---

[2] Magistrate Judge Brisbois issued a Report & Recommendation (ECF No. 298) to dismiss four Plaintiffs—Bennie Brewer, James Clayton, Chad England, and Joseph Roden—to be dismissed with prejudice, which the Court adopted on October 19, 2010. (ECF No. 300.)  Plaintiffs did not object to that R&R because each of the four Plaintiffs had represented to Plaintiffs' counsel that they no longer wished to participate in the action.

3

Plaintiffs agreed to provide written discovery from all Plaintiffs to avoid unnecessary motion practice. Defendant gave Plaintiffs an extension until April 30, 2010 to respond. (Id.) To date, 136 of the Plaintiffs who were served with written discovery have provided responses, comprising over 92% of the collective class in this case. Only nine have not responded who are subject to the R&R. (Id. at ¶ 5.) Specifically, with regard to the individuals addressed in the R&R:

- Plaintiff Thomas McDowell passed away approximately two months ago from cancer.

- Eight Plaintiffs have not been reached regarding their written discovery responses. These individuals are Edward Arellano, Mark Colbert, Jason Lucas, Christopher Reardon, Bradley Schraer, Randy Sorrels, Devon Stovall, Lionel Weber. Edward Arellano and Mark Colbert have not been reached for their depositions as well.

Regarding opt-in Plaintiff Thomas McDowell, Plaintiffs' counsel was notified by his mother that he recently passed away from cancer. (Desai Decl. at ¶ 6.) Plaintiffs' counsel advised VRC's counsel of Mr. McDowell death and that he would not be responding to VRC's discovery requests. (Ex. 1.) VRC still seeks to dismiss his claims. (ECF No. 303.)

Further, Defendant has taken 17 depositions of Plaintiffs, and seeks to dismiss Anthony Garcia[3] and Paul Carson who have responded to written discovery requests, but have not appeared for their depositions. Plaintiffs' counsel has not been able to reach opt-in Plaintiffs Garcia and Carson to schedule their depositions. (Desai Decl. at ¶ 7.)

---

[3] Anthony Garcia had to cancel his initial deposition on May 4, 2010, and did not appear for this rescheduled deposition on May 17, 2010.

Although opt-in Plaintiffs Garcia and Carson did not appear for their depositions, VRC was not prejudiced. To be sure, Plaintiffs' counsel proposed dates for four Plaintiff depositions (none of whom are subject to this R&R) after the Court's June 25, 2010 order compelling their depositions, yet Defendant chose not to depose any of them. Plaintiffs' counsel sent several emails to Defendant's counsel inquiring about whether the four depositions were going forward, only to be ignored. (See ECF No. 291-1.) Defendant did not respond for nearly two weeks until Defendant's counsel notified Plaintiffs by phone that it did not intend to take any additional depositions. (Desai Decl. at ¶ 8.)

**ARGUMENT**

Because Plaintiffs' are objecting to the recommendation that any of the Plaintiffs' claims be dismissed with prejudice, the Court must review the magistrate judge's decision *de novo*. See Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b); 28 U.S.C. § 636(b)(1)(C).

**I.      THE DRASTIC SANCTION OF DISMISSAL IS NOT WARRANTED**

The Magistrate Judge's recommendation to dismiss the eleven Plaintiffs should not be adopted. This is not a situation in which a litigant is refusing to prosecute his or her claim. As shown above, Plaintiffs have not refused to answer Defendant's interrogatories, request for admissions and document requests. Of the 147 Plaintiffs currently involved in this case, over 92 percent have responded to Defendant's discovery requests. Given this compliance rate, coupled with the fact that since the case will proceed collectively at trial and not all 147 Plaintiffs will testify, dismissal is not warranted.

The Federal Rules of Civil Procedure give the court authority to impose sanctions upon a party for failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A). In considering whether to impose a sanction, or which sanction to impose, fairness requires the court to consider whether a lesser sanction is available or appropriate. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000). The court should balance the conduct by the non-moving party against the impact of such conduct upon both the defendant and the district court. Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008) (quoting Rodgers v. The Curators of the Univ. of Mo., 135 F.3d 1216 1219 (8th Cir. 1998)).

Dismissal may be "considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, *and* (3) prejudice to the other party." Schoffstall v. Henderson, 223 F.3d 818, 823-24 (8th Cir. 2000) (emphasis added). Dismissal imposed as a discovery sanction is subject to close scrutiny because "[t]he opportunity to be heard is a litigant's most precious right and should sparingly be denied." Id. at 823 (quoting Chrysler Corp. v. Carey, 186 F.3d 1016, 1020 (8th Cir. 1999)).

### A. Plaintiff McDowell's Actions Were Not Willful

A case may not be dismissed with prejudice for failure to comply with a discovery order unless that failure was willful. Schoffstall, 223 F.3d at 823-24. The standard for a finding of willful conduct is high. See Keefer, 238 F.3d at 941 ("The record in this case reveals the type of dilatory and contumacious conduct that merits the severe sanction of dismissal"); Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527-28 (8th Cir. 2000)

(holding dismissal with prejudice warranted when the litigant "engaged in at least six distinct violations of the court's orders or of the Federal Rules" between the issuance of the pretrial order and the date trial was set to commence").

The R&R recommends the dismissal of Plaintiff McDowell, who passed away from cancer approximately two months ago. Considering the circumstances, his non-responsiveness is certainly not willful.[4]

### B. Defendant Has Not Been Prejudiced

More importantly, the Court must find prejudice to Defendant in order to dismiss Plaintiffs' claims subject to the R&R. Unlike single-plaintiff cases, in which a defendant may be prejudiced where the plaintiff fails to cooperate in discovery because the defendant would not be able to adequately build a defense, this is an FLSA collective action brought by a group of similarly situated employees who were subject to the same unlawful compensation policies and procedures. The Court has recognized so much in denying Defendant's motion for decertification. (ECF No. 281.) The small handful of individuals who have not responded to discovery or appeared for their depositions do not possess unique information that is meaningfully different from the information already in Defendant's possession provided by other class members. See Ayers v. SGS Control Servs., 2007 WL 646326, at *13 (S.D.N.Y. Feb. 27, 2007) (denying defendants' motion to dismiss opt-in plaintiffs who failed to appear at their depositions in part because the

---

[4] At the time Magistrate Judge Brisbois recommended the dismissal of Plaintiff Thomas McDowell's claims, he was not aware that Mr. McDowell had cancer or had passed away. Defendant failed to include that information in its affidavit to the Court. (ECF No. 303.)

court found that defendants were not unfairly prejudiced and were able to take the depositions of other opt-in plaintiffs).

Magistrate Judge Brisbois was sympathetic to Defendant, stating that the lack of discovery from the Plaintiffs would "deprive [Defendant] of a meaningful opportunity to prepare for trial," and specifically, would prevent Defendant from determining if it should call any of the non-complying individuals as witnesses on its own behalf at trial. (ECF No. 299 at 8.) Magistrate Judge Brisbois, however, did not analyze each set of circumstances for the Plaintiffs at issue.[5]

### 1. Opt-in Plaintiffs Garcia and Carson did not appear for their depositions but responded to written discovery

Defendant was not prejudiced by Plaintiffs Garcia and Carson not appearing for their depositions. Plaintiffs proposed dates for three depositions of Plaintiffs (not subject to this R&R) who were subject to the June 25, 2010 order compelling their depositions (ECF No. 261) on July 2 and another deposition on July 6.[6] (See ECF No. 291-1.) Plaintiffs' counsel sent a follow-up email on July 9th and another email on July 12th, only to be ignored. (Id.) If those depositions were so crucial to Defendant's defenses or to prepare for trial, it would have taken the depositions. Instead, it chose not to. There is no reason to believe Defendant would have deposed Plaintiffs Garcia and Carson if they were available.

---

[5] Plaintiffs acknowledge that those subject to this appeal were forewarned that failure to comply with the Court's October 5, 2010 Order (ECF No. 299) would result in their dismissal. The Court here, however, must still find that each Plaintiff's conduct was willful and caused prejudice to Defendant in order to warrant dismissal of their claims.
[6] These four Plaintiffs are not subject to the R&R.

### 2. The Nine opt-in Plaintiffs who did not respond to written discovery

Plaintiffs recognize that an FLSA case is different from a Rule 23 class and that Magistrate Judge Erickson concluded that the scope of Defendant's discovery was reasonable (ECF No. 261 at 13). The framework of the FLSA, however, provides that the class may proceed collectively and contemplates representative discovery. Indeed, representative discovery is the norm in FLSA cases.

In Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989), the Supreme Court held that "[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." In light of these benefits, courts have routinely limited individualized discovery in FLSA collective actions, finding in many cases that the discovery principles of Rule 23 cases, which allow representative testimony, apply equally to FLSA collective actions. See e.g., Nelson v. Am. Standard, Inc., 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009) (limiting written discovery to a sample of plaintiffs); Russell v. Ill. Bell Tel. Co., 2009 WL 1209025, at *2 (N.D. Ill. April 30, 2009) (emphasizing that requiring answers from large numbers of opt-in plaintiffs "defeat[s] the purpose of utilizing representative discovery in FLSA class actions."); Takacs v. Hahn Auto., 1999 WL 33127976, at *3 (S.D. Ohio June 25, 1999) (granting the plaintiffs' request to prove damages through representative proof consisting of four to six plaintiffs).

Plaintiffs' counsel has gone to great lengths to obtain discovery from each and every Plaintiff and opt-in Plaintiff who joined this action.  Defendant has received written discovery responses from approximately 92 percent of the entire class.  This serves as a more than adequate sample, and a much larger ratio when compared with those approved by other courts.  See e.g., Reich v. S. New England Telecommn's Corp., 121 F.3d 58, 66-69 (2d Cir. 1997) (finding that the testimony of less than three percent of employees sufficient to support an award for all plaintiffs and opt-in plaintiffs); Russell, 2009 WL 1209025, at *2 (seven percent).

The adequacy of the responses are even more justified in this case where the Court has determined this case will proceed to trial collectively and, therefore, some form of representative testimony will be used to establish how much money Defendant must pay for its FLSA violations.  Notably, exemption defenses are not available for Defendant here—the trial will focus on the number of hours of unpaid overtime Plaintiffs worked, which is typically presented to the jury using representative evidence.  See, e.g., Takacs, 1999 WL 33127976, at *1. The fact that Defendant did not receive written discovery responses from nine opt-ins of the 147 Plaintiffs does not prejudice Defendant in preparing for trial.

Lastly, Defendant suffered no prejudice regarding the written discovery, despite its contention that it contained information needed to determine whether to depose these

individuals[7] and were critical to VRC's decertification and summary judgment motions. (ECF No. 284 at 8-9.) Evidently, the Magistrate Judge was not convinced of this argument because he only referred to prejudice related to trial, and the Court here should not be convinced as well. (See ECF No. 299 at 8-9; ECF No. 290 at 10-11.)

### C. The Sanction of Dismissal is Unwarranted

In considering whether to impose a sanction, or which sanction to impose, fairness requires the court to consider whether a lesser sanction is available or appropriate. Keefer, 238 F.3d at 941. The extreme sanction of dismissing Plaintiffs' claims is unjustifiable given Defendant was not prejudiced by not receiving the discovery as established above and considering the purpose of an FLSA collective action. See Dunning v. Bush, 536 F.3d 879, 890 (8th Cir. 2008), reh'g denied (Sept. 11, 2008) (reversing district court's sanction of dismissal because defendants could not claim "any surprise or real prejudice.")

Plaintiffs acknowledge this Court's decisions in Brennan v. Qwest Comm'ns Int'l, Inc., on this topic. See 2010 WL 760827 (D. Minn. Mar. 4, 2010); 2009 WL 1586721 (D. Minn. June 4, 2009). Particularly in this case, however, this Court should consider a lesser sanction before imposing one that results in the dismissal of a claim. See Heartland Bank v. Heartland Home Finance, Inc., 335 F.3d 810, 817 (8th Cir. 2003). In Heartland, the Eighth Circuit vacated the district court's exclusion of a witness as a sanction on plaintiff for an untimely disclosure of documents and disclosing misleading

---

[7] Plaintiffs were not required to serve the written discovery until April 30, 2010—9 days *after* Defendant noticed the 27 Plaintiff depositions. Defendant, therefore, could not have considered the discovery responses when choosing who to depose.

11

information. Id. at 815-816. The court held that although "[we] are loath to reverse a district court's sanction in the fact of such clearly obstructionist conduct on the part of plaintiff and its attorneys . . . the record does not substantiate the breadth of the sanction imposed by the district court." Id. at 817. In that case, the Eighth Circuit noted that the district court's decision to exclude eleven witnesses from testifying was "tantamount to a dismissal of its claims." Id. The court, therefore, reversed suggesting alternate sanctions such as excluding only certain items of evidence. Id.

It appears the Magistrate Judge did not believe the exclusion of evidence on behalf of any of those Plaintiffs as a lesser sanction would be sanction enough. But the Court's more recent Order for discovery violations in Brennan suggests that the appropriate sanction in cases where decertification motion have been denied is to preclude plaintiffs who violated discovery orders from introducing evidence any questions asked in the written discovery.[8] Brennan, 2010 WL 760827 (D. Minn. Mar. 4, 2010).

Accordingly, instead of dismissing the claims of the eleven Plaintiffs as the Magistrate Judge recommended, the Court should consider the lesser sanction of precluding Plaintiffs from introducing evidence on behalf of any of these Plaintiffs regarding the information sought in the written discovery, and from testifying at trial.

---

[8] The Brennan court dismissed eighteen plaintiffs for failing to submit the written discovery, however, Plaintiffs' counsel did not dispute the dismissal of those Plaintiffs' claims. Brennan v. Qwest Comm'ns Int'l, Inc., 2010 WL 760827, at *4 (D. Minn. Mar. 4, 2010).

12

## **CONCLUSION**

The Magistrate Judge recommends the harsh sanction of dismissal for the eleven Plaintiffs subject to the R&R. Plaintiffs respectfully request that the Court reject the recommendation and, instead, impose a lesser sanction more appropriate for Plaintiffs' conduct given the lack of prejudice to Defendant. At the very least, for Plaintiffs Carson and Garcia, who have participated in the lawsuit by responding to written discovery, and Thomas McDowell, who has recently passed away, lesser sanctions are warranted.

Dated: December 7, 2010 **NICHOLS KASTER, PLLP**

s/Reena I. Desai
Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Matthew H. Morgan, MN Bar No. 304657
Reena I. Desai, MN Bar No. 0388311
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 215-6870

ATTORNEYS FOR PLAINTIFFS